UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**TONI BOGER**,

    Plaintiff-Relator,

v.                                                                                      2:19-cv-275-JES-NPM

**HOWARD JAFFE**,
**AIRMID FLORIDA, LLC**,
**AIRMID HEALTH SERVICES, LLC**,
**SELECT REHABILITATION, LLC**,
**ANU HEALTH SERVICES, LLC**,
**AEGIR HEALTH SERVICES, LLC**,
**BRIGID HEALTH SERVICES, LLC**,
**EPONA HEALTH SERVICES, LLC**,
**KANNON HEALTH SERVICES, LLC**,
**FORTUNA HEALTH SERVICES, LLC**,
**SENIOR HEALTH SOUTH EX, LLC**,
**SENIOR HEALTH TNF, LLC**,
**SILVER LAKE CENTER, INC.**,
**ORLANDO REHABILITATION GROUP, INC.**,
**HEARTHSTONE SENIOR COMMUNITIES, INC.**,
**INSTITUTE FOR SENIOR LIVING OF
FLORIDA, INC.**, and **THE REHABILITATION
GROUP OF PENNSYLVANIA, INC.**,

    Defendants.

---

## ORDER GRANTING TEMPORARY STAY OF DISCOVERY

On April 26, 2019, relator Toni Boger initiated this qui tam action against defendants alleging that they conspired to and have in fact violated the False Claims Act (FCA), 31 U.S.C. § 3729 *et seq*. (Doc. 1). On January 22, 2024, the United States filed its notice of election to decline intervention in this matter. (Doc. 41). Thereafter,

the court directed that the complaint be unsealed and served upon defendants. (Doc. 42). And after Boger amended her complaint (Doc. 110), defendants filed motions to dismiss for failure to state a claim. (Docs. 123, 125, 126). Pursuant to Federal Rule of Civil Procedure 26(c),[1] defendants now move for a temporary stay of discovery pending the court's ruling on their motions. (Doc. 127). Boger, however, opposes a stay. (Doc. 132). The court held a Rule 16 conference on August 22, 2024, during which the parties were afforded an opportunity to offer additional reasons why a stay should or should not be implemented. For the reasons discussed below, the court grants defendants request to temporarily stay discovery.

District courts enjoy broad discretion in deciding how to best manage the cases before them. *See Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). "A stay of discovery is appropriate where the movant shows good cause and reasonableness." *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709-RAR, 2020 WL 6118779, *1 (S.D. Fla. Oct. 16, 2020) (citation omitted). "In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Koock v. Sugar & Felsenthal, LLP*, No. 8L09-CV-609-T-17EAJ, 2009 WL 2579307,

---

[1] For good cause, the court may stay discovery to protect parties from annoyance, undue burden, or expense. *See* Fed. R. Civ. P. 26(c).

\*2 (M.D. Fla. Aug. 19, 2009) (citation omitted). This necessarily entails taking a preliminary peek at the merits of the dispositive motion to see if it appears to be clearly meritorious and truly case dispositive. *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (internal citation omitted).

Upon review of the amended complaint and the motions to dismiss, the court exercises its discretion to temporarily stay discovery until a determination has been made that a claim has been stated under the FCA. While we acknowledge that "[n]ormally, the pendency of a motion to dismiss . . . will not justify a unilateral motion to stay discovery," this is not a typical civil action. Middle District Discovery, Section I.E.4 (2021). Boger asserts five claims against seventeen defendants, for conduct spanning three years and extending to 46 skilled nursing facilities. (Doc. 110 at 49-57). And a preliminary peek suggests that there is a real possibility that, at the very least, a significant portion of the claims may be dismissed—which will further narrow the scope of discovery. *See Khan v. BankUnited, Inc.*, No. 8:15-CV-2632-T-23TGW, 2016 WL 4718156, \*1 (M.D. Fla. May 11, 2016) ("While discovery generally should not be stayed pending resolution of a motion to dismiss, a stay may be appropriate when its resolution will potentially narrow the scope of discovery in a case of this complexity and size.").

Moreover, questions remain as to whether the amended complaint has satisfied Rule 9(b)'s particularity requirement for fraud, which exists to put

defendants on notice as to the exact misconduct they are charged with and to protect defendants against spurious charges. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *see also United States ex rel. Seal v. Lockheed Martin Corp.*, 429 F. App'x 818, 820 (11th Cir. 2011) (to avoid dismissal of an FCA claim, a relator must plead "facts as to time, place, and substance of the defendants' alleged fraud, specifically, the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them."). On this score, plaintiff should be mindful that "Rule 9(b)'s directive that 'the circumstances constituting fraud or mistake shall be stated with particularity' does not permit a False Claims Act plaintiff merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002).

In sum, defendants have shown good cause to temporarily stay discovery, and at this juncture, a stay will not create case-management obstacles or unreasonably delay the prosecution of this case. Accordingly, the court **GRANTS** defendants' motion (Doc. 127) for temporary stay of *all* discovery and disclosures until *all* defendants have filed an answer.

**ORDERED** on August 26, 2024.

_____
NICHOLAS P. MIZELL
United States Magistrate Judge